IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JERMAINE TERRELL BOUIE, : | |
| : | |
| Plaintiff, : | |
| : | CASE NO. 7:13-CV-129- HL-TQL |
| VS. : | |
| : | |
| JENNIFER CROCKETT, JAMES E. : | |
| HARDY, DISTRICT ATTORNEY'S : | |
| OFFICE OF THOMASVILLE, : | |
| : | |
| Defendants. : | |

_____

**ORDER AND RECOMMENDATION**

Plaintiff Jermaine Bouie has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, while confined at Ware State Prison, in Waycross, Georgia. Plaintiff was ordered to pay an initial partial filing fee (Doc. 5) which has been paid. Plaintiff's case is now ready for preliminary review.

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly

payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. ANALYSIS OF CLAIMS

In his complaint, Plaintiff sues: Jennifer Crockett, a Forensic Biologist from the Georgia Bureau of Investigation; James E. Hardy, a Thomas County Assistant District Attorney; and the Thomas County District Attorney's Office. (Compl. 1; Doc 1.) Plaintiff alleges that on April 9, 1999, a search warrant was served on him seeking two vials of blood for comparison in a rape investigation. (*Id.*) At his 2001 trial on

kidnapping, rape, aggravated battery, sodomy, aggravated sexual battery, and criminal attempt to commit murder charges, Plaintiff alleges that Defendant Crockett testified that DNA testing "could not be done on the four glass slides of semen that [were] taken from the victim because no swabs [were] submitted with the rape kit." (*Id.*)  Plaintiff states that he submitted a post-conviction petition seeking the semen for DNA testing which was denied on June 13, 2008. (*Id.*)  Plaintiff contends that his due process rights, as well as his right to life and liberty, have been violated by the Defendants' failure to release the DNA evidence for testing.  (*Id.*)  Plaintiff further contends the Defendants conspired to deprive him of said rights.

Construing Plaintiff's allegations in his favor, the Court concludes that Plaintiff has alleged colorable constitutional claims against the Defendants.[1]  However, Plaintiff's claims should be dismissed because they have been asserted outside the statute of limitations.  Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983.  *Wallace v. Kato*, 549 U.S. 384, 386 (2007).  For § 1983 actions arising out of events which occurred in Georgia, the statute of limitations is two years.  *Taylor v. Nix,* 240 F. App'x 830, 835 (11th Cir. 2007).  A statute of limitations begins to run when a cause of action accrues— in other words, "when the fact which would support a cause of action are apparent or

---

[1] Claims seeking post-conviction access to biological evidence for DNA testing may be brought as a § 1983 action. *Skinner v. Switzer*, 131 S. Ct. 1289, 1298 (2011). "To state a claim under § 1983, [a plaintiff] must show that the denial of post-conviction access to the biological evidence deprived him of a federally protected right. *Grayson v. King*, 460 F.3d 1328, 1336 (11th Cir. 2006).

should be apparent to a person with a reasonably prudent regard for his rights." *Hafez v. Madison*, 348 F. App'x 465, 467 (11th Cir. 2009) (internal quotation marks and citations omitted).

In this case, Plaintiff states that the appeal of the denial of his petition seeking to have testing done on the DNA evidence was denied on February 10, 2009. The denial of his petition occurred more than three years before Plaintiff filed his current § 1983 case. Plaintiff is unable to establish that his limitations period did not begin to run at any time after the 2009 denial. The Court of Appeals for the Eleventh Circuit has allowed prisoners the right to file causes of action under 42 U.S.C. § 1983 when they are seeking DNA testing since the decision in *Bradley v. Pryor*, 460 F. 3d 1328 (11th Cir. 2002) was filed. Therefore, Plaintiff was aware, or should have been aware of his right to file a claim seeking release of the DNA evidence at the time his petition was denied. For the foregoing reasons, Plaintiff's cause of action was filed outside the two-year statute of limitations, and must be dismissed.

## III.    PENDING MOTIONS

Plaintiff has two motions currently pending in this case. On October 28, 2013, Plaintiff filed a motion seeking an extension of time in which to pay his initial partial filing fee. (Doc. 6.) That fee was paid on November 4, 2013. As such, Plaintiff's motion is hereby **DENIED AS MOOT.**

Also pending is a motion for a temporary restraining order. (Doc. 7.) In that motion, Plaintiff seeks to have the Court require prison officials to give Plaintiff law library time that he has been unable to "attend/make up." (Mot. for Restr. Ord. 3, Doc.

7.) A temporary restraining order, which is analogous to an injunction, is an extraordinary remedy. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.1535, 1537 (11th Cir. 1989) ("preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."). Such remedy requires a showing, *inter alia*, of a "substantial likelihood of success on the merits" and that "irreparable injury will be suffered unless the injunction issues." *Robertson*, 147 F.3d at 1306. Plaintiff has not met either prong of the standard.

In *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir.2006), the Eleventh Circuit held that in order to show actual injury a prisoner must show that his "efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program." Plaintiff's proffers in this regard fail to show a deprivation of constitutional magnitude, nor does he explain the irreparable injuries that would befall him if his law library time were not granted. Thus, the "irreparable injury," prong of the standard for granting injunctive relief are not satisfied with respect to Plaintiff's claims.

Furthermore, as the Court has already determined, Plaintiff cannot show "a substantial likelihood of success on the merits." In fact, Plaintiff's complaint, which was filed over a year after the limitations period expired, provides no likelihood that he will succeed on the merits of his original claims. For these reasons, Plaintiff's motion for a temporary restraining order is hereby **DENIED.**

## CONCLUSION

Having conducted a preliminary review of Plaintiff's Complaint, as required by 29

U.S.C. § 1915A(a), the Court finds that Plaintiff's Complaint and all claims for damages against the Defendants should be **DISMISSED.** It is further found that Plaintiff's pending motions be **DENIED.**

SO ORDERED, this 18th day of December, 2013.

S/ <u>*Hugh Lawson*</u><br>HUGH LAWSON<br>UNITED STATES DISTRICT JUDGE

lws